**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Marcus L. Jackson,** | ) | **CASE NO. 1:19 CV 2339** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Adult Parole Authority, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

*Pro se* Plaintiff Marcus L. Jackson filed this action against the Ohio Adult Parole Authority ("OAPA"), the "Cleveland County Jail," former Cuyahoga County Sheriff Clifford Pinkney, and the "Cleveland Court of Common Pleas." In the Complaint, Plaintiff complains he is still subject to supervision when he believes he has served enough of his supervision term. He also alleges jail personnel did not allow him to call his attorney or his clergy using TTY technology during business hours in violation of the Americans with Disabilities Act ("ADA"). He seeks monetary damages and an Order from this Court terminating the supervised release portion of his sentence.

Plaintiff filed a second Complaint on January 30, 2020. It is not clear whether Plaintiff intended this pleading to be an Amended Complaint, which takes the place of the original Complaint, or whether he intended that it supplement his original pleading. To allow

this *pro* se Complaint the most liberal construction, the Court will treat it as a supplement to his original pleading.

**BACKGROUND**

Plaintiff's hand-written Complaints are very difficult to decipher. He appears to attack the amount of time he has been subject to supervised release in several criminal cases. He states, "it has been 11 year[s] for me to be still on supervision for nothing." (Doc. No. 1 at 5). He is also currently in the Cuyahoga County Jail, but he does not indicate the reason for this detention. He states he was denied freedom because he lacked knowledge of the law.

In addition, Plaintiff alleges the Jail deprived him of his right to call his attorney and his clergy on the TTY phone during business hours. He contends he is hearing impaired and the jail staff are aware of this because that information is in his file. He asserts that the Jail violated his rights under the ADA.

In his supplemental pleading, Plaintiff adds the Cuyahoga County Jail Warden Croucher, and Ohio Attorney General Mike DeWine as Defendants. He indicates both are named in their Official Capacity. He contends his right "to practice Moorish-American literature, kept me on parole when sentencing Judge took me off in case No CR-18-631685-A" were violated, and DeWine "allow[ed] it to happen." (Doc. No. 15 at 3).

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990);

*Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Plaintiff first challenges the amount of time he has been subject to supervisory release by the OAPA. He alleges very few facts regarding this claim. He indicates that he has several convictions for which supervised release was a portion of his sentence and that he has been impacted by supervised release for eleven years. He does not allege a legal claim pertaining to this allegation. He seeks an Order from this Court terminating all supervised release sentences. First, to meet the minimum federal notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and

3

the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This Complaint does not meet those requirements with respect to Plaintiff's objections to supervised release. Second, because Plaintiff seeks reduction of his sentence and release from incarceration or supervision, his sole remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff also brings claims under Title II of the ADA against former Cuyahoga County Sheriff Clifford Pinkney and the Cuyahoga County Jail. Title II of the ADA prohibits a public entity from discriminating against a disabled individual and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" is defined, in relevant part, as "any State or local government." 42 U.S.C. § 12131(1)(A). The ADA does not permit public employees or supervisors to be sued in their individual capacities. *Williams v. McLemore*, 247 Fed. Appx. 1, 8 (6th Cir. 2007) ("We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."); *Lee v. Mich. Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004). Former Sheriff Pinkney cannot be sued in his individual capacity.

Neither the Cuyahoga County Jail, the Cuyahoga County Sheriff's Office or the Cuyahoga County Common Pleas Court are proper parties to this action. They are not *sui juris*, meaning they are not separate legal entities under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued");

*Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-CV-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018) (finding Common Pleas Court was not *sui juris*).

To the extent the ADA claims could be construed against Cuyahoga County, Plaintiff fails to state a claim. He does not allege sufficient facts to state a plausible, not merely possible, claim for relief. He does not explain his claim in any manner. He simply states he was not permitted to call his attorney or clergy using the TTY machine during business hours. He does not indicate how often this occurred, whether it was an insolated incident or whether it occurred on multiple occasions. He does not indicate whether this was a result of a county policy or the actions of one county employee on a given day. He does not allege the circumstances under which that decision was made. As written, his ADA claim against the County does not state a claim upon which relief may be granted against the County.

Finally, Plaintiff claims he has been denied the right "to practice Moorish-American literature." (Doc. No. 15 at 3). He does not allege facts to explain this claim and a legal basis for it is not apparent on the face of the Complaint. It fails to meet the minimum pleading requirements to state a plausible claim for relief.

Moreover, Plaintiff indicates he is bringing this claim against the Defendants in their official capacities. Claims against Ohio Adult Parole Authority and the Ohio Attorney General in his official capacity are claims against the State of Ohio. The State of Ohio is immune from suit under the Eleventh Amendment. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Claims against the other Defendants in their official capacities are claims against Cuyahoga County. Counties and other bodies of local government may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy

statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). Plaintiff does not allege a factual or legal basis for a claim against the County.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: February 11, 2020

*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE